[No. 636.  Decided August 3, 1892.]

THE STATE OF WASHINGTON, *on the Relation of P. B. M. Miller and Eva J. Miller*, v. I. J. LICHTENBERG, *Judge of the Superior Court of King County, Washington.*

MANDAMUS—APPLICATION FOR, PENDING APPEAL.

Where a plaintiff has appealed from a judgment dismissing his action, the supreme court will not consider an application by the plaintiff for a writ of mandate to compel the court to set aside the judgment of dismissal and reinstate the cause and proceed with its trial.

*Original Application for Mandamus.*

*Turner & McCutcheon,* for relators.

*Arthur, Lindsay & King,* for respondent.

The opinion of the court was delivered by

HOYT, J.—This is an application for *mandamus* to compel I. J. Litchenberg, one of the judges of the superior court of King county, to hear and determine a certain cause therein pending wherein the relators are plaintiffs and one George M. Calligan is defendant.   It appears from the petition that such action had been dismissed by the court for want of jurisdiction, and that judgment of dismissal had been entered therein.   It further appears therefrom that from such judgment petitioners have prosecuted an appeal to this court, and in due form have perfected the same.   Petitioners seek by this proceeding to compel said

court to set aside such judgment of dismissal, and reinstate the cause, and proceed to try and determine the same.

At the time of making such application the appeal taken by the petitioners was in full force, and has been in no manner terminated either by the action of the appellants, or by the court. Such being the case, we think petitioners are not in a situation to ask this court to review the action of the court below in refusing to entertain jurisdiction of said cause. They must first for themselves elect finally as to how they will treat said judgment of dismissal. By their action in appealing therefrom thay have treated it as such a final disposition of the case as will authorize an appeal to this court. By this proceeding they seek to have this court declare that it is not such a final judgment, without first abandoning the position they have taken that it is, by a dismissal of their appeal. It is true that they say in the application for the writ that they are willing to waive their appeal. But such offer of waiver in a proceeding in no way connected with the case on appeal could have no effect thereon. Petitioners cannot place themselves in such an inconsistent position. To allow them to do so would be to give them the benefit of an advance opinion of this court as a foundation for their action as a party to uncompleted litigation. If this court should enter upon the main question presented by the petition, the petitioners would be in a situation to take advantage of the decision of the court, whichever way it should decide said question. If the court should hold that the action of the lower court in refusing to take jurisdiction was erroneous, they would get the same benefits as if their appeal had been heard and determined in their favor. On the other hand, if it should be held that the action of the court was proper, it would, in effect, decide for the petitioners in this extraordinary proceeding, a case which they have voluntarily elected to bring here in the regular manner, by appeal. In our opinion the

court cannot consistently aid counsel as to their proper course by entering upon the investigation of the question of jurisdiction decided by the lower court.

It follows that the application for the alternative writ of *mandamus* must be denied.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.